UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK J. LAROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-01451-SEB-MJD |
| CAROLYN W. COLVIN, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Frank Larose requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 1382c(a)(3). For the reasons set forth below, the Magistrate Judge recommends **AFFIRMING** the decision of the Commissioner.

### I.  Procedural History

Larose filed an application for SSI on June 22, 2011, alleging an onset of disability of May 1, 2009. Larose's application was denied initially on August 23, 2011 and on reconsideration on December 15, 2011. Larose requested a hearing, which was held on April 12, 2012 before Administrative Law Judge Monica LaPolt ("ALJ"). The ALJ denied Larose's application on May 11, 2012. The Appeals Council denied Larose's request for review on August 15, 2012, making the ALJ's decision the final decision for purposes of judicial review. Larose filed his complaint with this court on October 9, 2012.

## II.     Factual Background[1]

Frank Larose was 61 years old at the time of the hearing and had past relevant work as an order filler and a cook. Larose also has a history of alcohol abuse. Between April 2008 and October 2009, Larose was frequently admitted into the emergency room for alcohol related problems. On most visits, Larose experienced symptoms from withdrawal from alcohol including hallucinations, tremors, and seizure-like episodes. He was placed on detoxification protocols. His Global Assessment of Functioning ("GAF") scores during this period ranged from 40 to 50.

The record does not indicate medical treatment in 2010. In June 2011, Larose returned to the emergency room with complaints of chest pain, abdominal pain and vomiting. Larose admitted to heavy drinking and was placed on a detoxification protocol. He was also referred for psychological evaluation. Psychiatrist Akbar Shinwari, MD diagnosed Larose with depressive disorder, not otherwise specified ("NOS"); alcohol dependence; alcohol withdrawal; history of marijuana abuse; rule out substance induced mood disorder; and dependent personality disorder, by history. Dr. Shinwari also assessed Larose with a GAF score of 45.

Also in June 2011, Larose was seen at Meridian Services for a formal psychiatric assessment. Larose complained of depression and alcoholism. His short-term memory was found to be impaired due to lack of concentration. Larose was diagnosed with major depression, recurrent, moderate; alcohol dependence; and anxiety disorder, NOS. He was also assigned a GAF of 35.

Since then Larose attended outpatient treatment at Meridian Services. He has remained sober ever since and had not returned to the emergency room for any mental health issues.

---

[1] Because Larose only disputes the ALJ's findings regarding his mental impairments, the facts are limited to the discussion of the mental impairments and will not discuss the physical impairments.

In August 2011, Larose received a psychological consultative examination from state agency physician Nicole Leisgang, Psy.D. During this examination, Dr. Leisgang administered tests to assess Larose's memory skills. According to Dr. Leisgang, Larose's memory skills were less than expected; however, given his likely low average intelligence, Dr. Leisgang found no indication of cognitive dysfunction sufficient for a cognitive disorder. Dr. Leisgang diagnosed Larose with major depressive disorder, recurrent, severe, without psychotic features; anxiety disorder NOS; and alcohol dependence. She also assigned Larose a GAF score of 45.

Also in August 2011, state agency psychological consultant Joseph Pressner, Ph.D. reviewed Larose's medical record, but did not examine him. Dr. Pressner acknowledged Larose's diagnoses involving depression and anxiety but opined that Larose did not have an impairment or combination of impairments that meet or medically equal any of the listed impairments, specifically Listings 12.04 and 12.06. In reviewing the Paragraph B criteria, Dr. Pressner found that Larose had mild limitations in activities of daily living, and moderate limitations in social functioning and concentration, persistence, or pace. Dr. Pressner did indicate that Larose had marked limitations in his ability to understand, remember, and carry out detailed instructions and also had moderate limitations in his ability to maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, and work in coordination with or proximity to others without being distracted.  Overall, Dr. Pressner opined that Larose should be able to perform some unskilled labor with little public contact and little supervision.

The record indicates that Larose saw Nurse Practitioner Joanita Wesler from August 2011 through February 2012. During that time, NP Wesler reviewed Larose's medication and routinely opined that Larose was doing well with his medication, his thoughts were organized

and logical, there were no hallucinations or delusions, his insight was fair, and judgment was good. NP Wesler provided a medical source statement in December 2011 indicating that Larose was disabled and alcohol was not a contributing factor to his disability.

### III. Applicable Standard

To be eligible for SSI, a claimant must have a disability under 42 U.S.C. § 1382c. Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 1382c(a)(3)(B).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. §

4

416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

If the ALJ determines that the claimant is disabled and there is medical evidence of a drug addiction or alcoholism, the ALJ must determine whether the drug addiction or alcoholism is a contributing factor material to the determination of disability. 20 C.F.R. § 416.935(a). Under the Social Security Act, "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 1382c(a)(3)(J). To determine whether the alcoholism is a material factor, the ALJ must determine whether the claimant will still be disabled if he stopped using alcohol. 20 C.F.R. § 416.935(b)(1). To make this determination, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using alcohol and then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). If the ALJ determines that the claimant's remaining limitations are disabling, then he is disabled independent of the alcoholism and the ALJ must find that the alcoholism is not a contributing factor material to the determination of disability. 20 C.F.R. § 416.935(b)(2)(ii). If the ALJ determines that the remaining limitations are not disabling, then the ALJ must find that the alcoholism is a contributing factor material to the determination of disability, and, therefore, the claimant is not disabled. 20 C.F.R. § 416.935(b)(i).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id.* This court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## IV.  The ALJ's Decision

Applying the five-step analysis, the ALJ found at step one that Larose had not engaged in substantial gainful activity since the application date of June 22, 2011. At step two, the ALJ found that Larose had the following severe impairments: alcohol abuse and depression. At step three, first considering Larose's impairments including the substance use disorder, the ALJ determined that Larose's impairments meet Listings 12.04 and 12.09 of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Since this would render a finding of disability, the ALJ then considered whether alcoholism was a contributing factor to this finding.

Going back to step two, the ALJ found that, if Larose stopped the substance use, he would continue to have a severe impairment or combination of impairments. At step three, the ALJ determined that, if Larose stopped the substance use, he would not have an impairment or combination of impairments that meets or medically equals any of the listed impairments.

The ALJ determined that, if Larose stopped the substance use, he would have the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the

6

following nonexertional limitations: occasional overhead reaching with the left upper extremity and occasional climbing of ladders, ropes, and scaffolds. The ALJ also found with regard to Larose's RFC that Larose has the mental capacity to understand, remember, and follow simple instructions; can perform simple, routine, repetitive, concrete, and tangible tasks; is able to sustain attention and concentration skills to carry out work-like tasks with reasonable pace and persistence; and Larose requires work with only brief and superficial interactions with supervisors, coworker, and the general public.

At step four, the ALJ determined that, if Larose stopped the substance use, he would be unable to perform past relevant work. At step five, the ALJ determined that, if Larose stopped the substance use, considering his age, education, work experience, and RFC, there would be a significant number of jobs in the national economy that Larose could perform. Therefore, the ALJ determined that substance use was a contributing factor and Larose was not disabled.

## V.     Discussion

The central issue in this matter is whether there is substantial evidence to support the ALJ's decision that Larose was not disabled. *Dixon*, 270 F.3d at 1176. Larose raises three arguments on review: 1) substantial evidence fails to support the ALJ's determination that Larose's impairments did not meet or equal a listing, particularly Listing 12.04; 2) the ALJ's credibility determination is patently erroneous because it is contrary to Social Security Ruling 96-7p; and 3) substantial evidence fails to support the ALJ's determination that Larose was not disabled at step five. The Court finds that there is substantial evidence to support the ALJ's decision that Larose was not disabled.

With regard to medical equivalency at step three, the ALJ specifically relied on the state agency physicians' evaluations, which determined that Larose's impairments did not equal a

listing. [R. at 26-27, 31-32, 432-39, 448-65.] The evaluations were conducted in August 2011, during Larose's period of sobriety. *Id*. For this reason, Larose's argument that the ALJ failed to consult a medical expert fails. Further, Larose does not point to any evidence to support that he would meet a listing. The burden is on the plaintiff to demonstrate that his impairments meet or equal all of a listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). The only support Larose provides is his GAF scores. While the ALJ did take Larose's GAF scores into account, nowhere in the regulations is it required that an ALJ base his decision entirely on a person's GAF score. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). Because the ALJ relied on medical experts from the state agency, substantial evidence supports the ALJ's determination that Larose's impairments did not meet or equal a medical listing.

Larose next argues that the ALJ erred in his credibility determination because it is contrary to Social Security Ruling ("SSR") 96-7p. The only argument Larose makes in this regard is again focused on the GAF scores. As discussed above, the ALJ is not required to base her decision entirely on a person's GAF score. The remainder of Bailey's argument is waived as boilerplate language unsupported by record evidence typically found in counsel for the Plaintiff's briefs. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *Firkins v. Astrue*, No. 1:09-cv-00923-JMS-TAB, 2010 WL 3037257, *4 (S.D. Ind. Aug. 3, 2010).

Finally, Larose argues that the ALJ erred at step five by posturing a hypothetical that does not account for Larose's difficulties in concentration and social functioning. The hypothetical was based, in part, on the RFC. The Court finds that substantial evidence supports the ALJ's RFC determination. The RFC properly accounted for the medically documented limitations in concentration and social functioning and Larose does not point to any contrary evidence. Therefore, substantial evidence supports the ALJ's step five determination.

## VI. Conclusion

For the reasons set forth above, substantial evidence supports the ALJ's determination that Larose is not disabled and the Magistrate Judge recommends that the Commissioner's decision be AFFIRMED. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 10/23/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov